IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNIVERSAL MUSIC-MGB SONGS, § | | |
| WB MUSIC CORP., HERBILICIOUS § | | |
| MUSIC, MUSIC OF WINDSWEPT & § | | |
| RAY VAUGHAN MUSIC, INC., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. B: 17-cv-16 | |
| § | | |
| CLAYTON'S BEACH BAR AND GRILL § | | |
| L.L.C, & CLAYTON BRASHEAR, § | | |
|     Defendants. § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 31, 2017, Plaintiffs Universal Music-MGB Songs, WB Music Corporation, Herbilicious Music, Music of Windswept and Ray Vaughan Music (collectively "Plaintiffs") filed a complaint against Defendants Clayton's Beach Bar and Grill L.L.C. ("Clayton's"), and Clayton Brashear ("Brashear"). Dkt. No. 1. The crux of the complaint is that the Bar played the Plaintiffs' copyrighted music without paying the required licensing fee.

On March 13, 2017, Brashear filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). Dkt. No. 10.[1] On April 3, 2017, the Plaintiffs filed a response. Dkt. No. 11.

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss be denied.

## I. Procedural and Factual Background

### A. Factual Background

On August 27, 2016, three songs – "Just Like Heaven," "Pony," and "Pride and Joy"

---

[1] No motion to dismiss was filed by Clayton's. Thus, any claims against Clayton's are unaffected by this report and recommendation.

1

– were performed at Clayton's by unknown musicians. Dkt. No. 1-1. The Plaintiffs own the copyright to each of these songs; the performances of these songs on this date were not licensed by the copyright holders.

The American Society of Composers, Authors and Publishers ("ASCAP") offers a license to allow others to perform these songs. Dkt. No. 1, p. 3. Since July 2011, ASCAP representatives "have made more than 35 attempts to contact the Defendants" via email, postal mail, phone and in person, to arrange for a licensing agreement. Id. In those communications, ASCAP informed the Defendants that "unlicensed performances of ASCAP's members' musical compositions at Clayton's constitute infringement of ASCAP's members' copyrights in their musical works." Id.

The complaint alleges that Brashear is a "member or manager" of Clayton's and is "responsible for the control, management, operation and maintenance of the affairs" of Clayton's. Dkt. No. 1, p. 2. Records from the Texas Secretary of State's Office shows that Brashear is the registered agent and sole listed governing officer for Clayton's. Dkt. No. 11-2.[2]

**B. Procedural Background**

On January 31, 2017, the Plaintiffs filed a complaint against Clayton's and Brashear seeking judgment for infringements of their copyrighted works. Dkt. No. 1, p. 5. The complaint alleges that the Defendants violated 17 U.S.C. § 501, which prohibits the infringement of the "exclusive rights of the copyright owner." Id.

On March 13, 2017, Brashear filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the complaint did not state a claim against him individually. Dkt. No. 10. Brashear argues that the complaint does not identify any actions which he individually

---

[2] In ruling on a Rule 12(b)(6) motion, the Court may "take judicial notice of matters of public record" without converting the motion into a summary judgment motion. Ruiz v. Brennan, 851 F.3d 464 (5th Cir. 2017). These documents qualify as public records. See Swindol v. Aurora Flight Scis. Corp., 805 F.3d 516, 519 (5th Cir. 2015) (noting that corporate records maintained by the Mississippi Secretary of State's office were public records whose accuracy cannot reasonably be questioned).

2

undertook which infringed on the copyrights.[3] Id.

On April 3, 2017, Plaintiffs filed a response. Dkt. No. 11. Plaintiffs argue that "an individual corporate owner may be held vicariously liable for copyright infringement if the owner has the right [and] ability to supervise the activity causing the infringement and derives a direct financial benefit from the activity." Id, p. 4. Plaintiffs argue that, as the sole registered owner of Clayton's, Brashear has the authority to supervise the activities causing the infringement. They further argue that the musical performances were designed to attract more customers, for which reason Brashear derived a direct financial benefit from them. Id.

## II. Applicable Law

### A. Motion to Dismiss

As noted earlier in footnote 3, supra, the Court is considering the Defendants' motion to dismiss to be a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). Whether examined as a motion to dismiss or motion for judgment on the pleadings, the applicable standard is the same. . Great Plains Trust Co., 313 F.3d at 313 n. 8. Accordingly, the Court must examine those standards.

"A motion to dismiss under Rule 12(b)(6) tests only the formal sufficiency of the statements of the claims for relief. It is not a procedure for resolving contests about the facts or merits of the case . . . . [T]he Court must take the plaintiffs' allegations as true, view them in a light most favorable to plaintiffs, and draw all inferences in favor of the plaintiffs." Askanase v. Fatjo, 828 F. Supp. 465, 469 (S.D. Tex. 1993) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Garrett v. Commonwealth Mortgage Corp. of Am., 938 F.2d 591, 593 (5th Cir. 1991)).

---

[3] The motion to dismiss was filed after an answer was filed, thus – technically – it was untimely filed. Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) ("Because a rule 12(b) motion must be filed before responsive pleadings, the appellees' motion was untimely."). However, an untimely filed Rule 12(b)(6) motion can be treated as a Rule 12(c) motion for judgment on the pleadings. Id. A motion to dismiss under Rule 12(b)(6) is subject to the same standard as a motion for judgment on the pleadings under Rule 12(c). Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 313 n. 8 (5th Cir. 2002). Accordingly, the Court will consider the motion to be one for judgment on the pleadings, but will refer to the motions interchangeably.

The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Consistent with this requirement, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." City of Clinton v. Pilgrim's Pride Corp., 632 F.3d 148, 152-53 (5th Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 589. "[R]egardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." McConathy v. Dr.Pepper/Seven Up Corp., 131 F.3d 558, 561 (5th Cir. 1998).

Whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Ashcroft, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**B. Copyright Infringement**

In a copyright infringement action based upon musical performances, the plaintiff must establish:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that Plaintiffs are the proprietors of the copyrights of the compositions involved in this action; (4) that the compositions were performed publicly for profit [by the defendants]; and (5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performance.

Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc., 712 F. Supp. 1257, 1259 (S.D. Tex. 1989), aff'd sub nom. Fermatta Melodies v. Champions Golf, 915 F.2d 1567 (5th Cir. 1990).

4

"The test of whether a corporate officer is jointly and severally liable with the corporation for copyright infringement is whether the officer has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." Broad. Music, Inc. v. Hobi, Inc., 20 F.3d 1171 (5th Cir. 1994).

### III. Analysis

At this stage of the proceedings, the question before the Court is simply whether Plaintiffs have pled sufficient facts – vis-a-vis Brashear – to show a claim upon which relief can be granted for copyright infringement. The Court concludes that Plaintiffs have stated such a claim.

As previously noted, a corporate officer can be held jointly and severally liable for copyright infringement if the officer: (1) has the right and ability to supervise the activities; and (2) has a direct financial interest in those activities. Broad. Music, 20 F.3d 1171 (5th Cir. 1994).

As to the first of those two elements – supervisory ability – Plaintiffs have pled that Brashear is "responsible for the control, management, operation and maintenance of the affairs" at Clayton's. Dkt. No. 1, pp. 2-3. Furthermore, they have supplied public records showing that Brashear is the sole governing officer/director of Clayton's. Dkt. No. 11-2. The Fifth Circuit has previously held that a sole shareholder and president of a corporation had "the ultimate authority to police the conduct of" his employees. Broad. Music, Inc., 20 F.3d 1171.

District courts in the Fifth Circuit have reached similar conclusions. See Fermata Int'l Melodies, Inc., 712 F. Supp. at 1262 (president and majority shareholder could be held jointly and severally liable); Meadowgreen Music Co. v. Voice in the Wilderness Broad., Inc., 789 F. Supp. 823, 826 (E.D. Tex. 1992) (the owner/president/general manager of a radio station could be held liable); Red Giant, Inc. v. Molzan, Inc., No. CIV.A. H-07-2657, 2009 WL 2242349, at *6 (S.D. Tex. July 24, 2009) (owner/chef of restaurant could be held liable); Swallow Turn Music v. Wilson, 831 F. Supp. 575, 579 (E.D. Tex. 1993) (sole proprietor could be held liable).

Given that Brashear is the sole governing officer of Clayton's, it appears clear that he

had the authority to supervise the musical activities at the establishment.

At this stage of the proceedings, the Plaintiffs are merely required to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Based on the public records provided by the Plaintiffs, they have supplied enough facts to meet this burden.

As to the second element, having a direct financial interest in the activities, Plaintiffs have also met their burden. Plaintiffs do not need to show that Brashear actually made money by infringing on the copyright, simply that his financial interests were implicated. See Broad. Music, Inc., 20 F.3d 1171 (holding that the defendant "had a direct financial interest in the activities, regardless of whether he was making a profit or losing money on the venture.").

As the sole governing officer, Brashear had a direct financial interest in the activities at Clayton's. Fermata Int'l Melodies, Inc., 712 F. Supp. at 1262. Thus, Plaintiffs' claim to relief is plausible on its face.

Because the Plaintiffs have pled sufficient facts as to both elements of their claim for liability against Brashear, the motion to dismiss should be denied.

## IV. Recommendation

It is **RECOMMENDED** that the motion to dismiss filed by Clayton Brashear, Dkt. No. 10, be denied.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking, on appeal, factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996),

superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      DONE at Brownsville, Texas, on April 17, 2017.

                                              _____
                                              Ronald G. Morgan
                                              United States Magistrate Judge